UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES DAVID JOHNSON,<br>Defendant. | Case No.: 24MJ4691-SBC<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on December 19, 2024, to determine whether defendant, JAMES DAVID JOHNSON, should be held in custody pending trial on the grounds that he is a flight risk and a danger to the community. Assistant U.S. Attorney Amanda L. Griffith appeared on behalf of the United States, and Brittany Sherron of Federal Defenders, Inc. appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services' report, and the criminal complaint issued against Defendant by this Court, and the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3)(E), the Court concludes that the following: (1) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk; and (2) the Government

also met its burden by clear and convincing evidence that Defendant is a danger to the community, and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance.

## I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1. Defendant is charged in Criminal Complaint No. 24M4691-SBC with Notice or Advertisement Seeking or Offering Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2251(a) and (e). Therefore, probable cause exists to believe Defendant committed the charged offense.

2. The current charge carries a mandatory minimum term of imprisonment of fifteen years and a statutory minimum term of imprisonment of thirty years.

3. The facts provided in the Complaint filed on December 16, 2024, are incorporated by reference. ECF. No. 1.

B. Weight of the Evidence against Defendant (18 U.S.C. § 3142(g) (2)):

After considering the facts proffered, the Court found that this factor weighed in favor of the detention, but noted this factor is to be given the least weight.

C. History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3)):

1. Character: Defendant is a 56-year-old United States citizen, with no criminal history, and no evidence of drug or alcohol issues.

2. Family/Community ties: Defendant is a life-long resident in the Southern District of California, with a residence and family in the area. He is divorced, and lives alone.

3. Employment: Defendant is employed as an electrician for a company that routinely provides for travel outside of the Southern District of California. Defendant also provides services as a handyman and internet technology support for a local church in the community. Defendant has represented, online, that he is a youth minister/pastor of the church.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

As detailed in the complaint, Defendant is accused of creating a post while on a website on the Tor network. The website is one in which users regularly advertise, distribute, and receive child pornography through various forums on the website. The post described the edits Defendant made to a video depicting the sexual assault of a prepubescent female. Defendant then made that video available to other users of the website. As provided in the proffer made by the United States, this is not the only post or only Tor website that Defendant is alleged to have been a part of. Defendant has described himself as a long-time member of these websites, and had complained about lack of access to one of the websites even though he had been posting content. The profile picture associated with Defendant's account depicts a female toddler bound to a bed with restraints. Defendant created this post while at the church described above.

According to the United States, federal search warrants were executed and a number of computer devices were seized. An early preview of two of the devices confirmed the existence of child pornography and child sexual abuse material. One device has file dates going back to 2005. Another device contains approximately 100,000 files containing child sexual abuse material, including depictions of infants, toddlers, and other depictions of children engaged in sexually explicit conduct. During the execution of the search warrant at Defendant's residence, law enforcement documented items in the home which the United States argues is evidence of Defendant's sexual interest in minors. Photographs of those items were provided to the Court during the detention hearing and were considered as part of the proffer made by the United States. Additionally, Defendant's residence contained computer media and data that dated back to the 1990s given the nature of the technology.

The United States also proffered evidence of two additional posts allegedly made by Defendant to users on the Tor websites. These posts evidence Defendant's knowledge of computers and advise others on how to avoid detection of criminal activity.

## II

## REASONS FOR DETENTION

Based on the factors set forth in 18 U.S.C., § 3142(g), the Government has satisfied its burden of demonstrating that Defendant is a flight risk and a danger to the community, and that no condition or combination of conditions will reasonably assure his appearance at future court proceedings.

There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 24M4691-SBC with Notice or Advertisement Seeking or Offering Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2251(a) and (e). Therefore, probable cause exists to believe Defendant committed the charged offense.

Though he has significant ties to the Southern District of California, Defendant faces a substantial period in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

Based on the facts referenced above, and additional information proffered during the detention hearing, including information provided by Pretrial Services in their interview of Defendant and discussions with the proposed sureties, Defendant poses a danger to the community and there is no combination of conditions that the Court could set to ensure the safety of the community.

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of

an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: 12/23/2024

HONORABLE STEVE B. CHU
UNITED STATES MAGISTRATE JUDGE