ADAM GORDON
United States Attorney
AMANDA L. GRIFFITH
Assistant United States Attorney
California Bar No. 243854
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8970
Email: mandy.griffith@usdoj.gov

STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division
KYLE P. REYNOLDS
Acting Deputy Chief
New York Bar No. 4703856
1301 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 616-2842
Email: kyle.reynolds@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DAVID JOHNSON,<br><br>Defendant. | Case No. 25CR76-BAS<br><br>UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM<br><br>Sentencing Date: September 11, 2026<br>Time: 9:00 a.m. |

After filing our sentencing documents, the United States was made aware that an agreed upon variance in the plea agreement was not included in the guideline calculations in sentencing summary chart (ECF 54). Specifically, the United States failed to include a

two-level downward variance to reflect the full appellate waiver and expeditious resolution of this case without litigation. ECF 35 at 10-11. As was expressed to Defendant, this omission was entirely inadvertent and not done intentionally with the intent to breach the plea agreement. An amended sentencing summary chart will be filed simultaneously with this supplemental sentencing memorandum.

However, the United States' ultimate recommendation will remain the same as we will ask the Court to follow the guideline range as calculated in the plea agreement, including the application of the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B). ECF 35 at 9. For the reasons stated in the sentencing memorandum (ECF 55), the United States did not object to the failure of the Presentence Report to include this enhancement. The United States also wholly recognizes Defendant's right to seek the two-level enhancement. The plea agreement was designed to account for the totality of the Defendant's conduct when determining the appropriate sentence in this case, and the United States believes there is a sufficient basis for the Court to determine the five-level enhancement is appropriate.

Though the plea agreement calls for the United States to make a recommendation at the high-end of the range as calculated by the United States at the time of sentencing (ECF 35 at 10), the United States believes a mid-range recommendation is appropriate. For the reasons previously stated, the United States recommends a sentence of 188 months in prison, followed by twenty years of supervised release.

Date: September 8, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s/ Amanda L. Griffith*
AMANDA L. GRIFFITH
Assistant U.S. Attorney

*/s/ Kyle P. Reynolds*
KYLE P. REYNOLDS
Acting Deputy Chief